UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BIEN V. NGUYEN,<br><br>             Petitioner,<br><br>    v.<br><br>KENNETH QUINN,<br><br>             Respondent. | Case No. C07-5083 RBL/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**April 20, 2007** |

This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. §§ 636(b)(1) and Local MJR 3 and MJR 4. Petitioner filed this action under 28 U.S.C. § 2254 challenging his 1994 conviction for First Degree Felony Murder, 2 counts of First Degree Kidnaping, 4 counts of Second Degree Assault, 2 counts of First Degree Burglary, and 2 counts of attempted First Degree Robbery. (Dkt. # 7). The Court's records reflect that this petition is successive. Accordingly, the undersigned recommends that this file should be administratively closed and the case transferred to the Ninth Circuit in accordance with Circuit Rule 22-3(a).

**DISCUSSION**

Ninth Circuit Rule 22-3 (a) states:

    (a)    **Application**. Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§

REPORT AND RECOMMENDATION
Page - 1

> 2244 or 2255.  An original and five copies of the application Must be filed with the Clerk of the Court of Appeals.  No filing fee is required.  If a second or successive petition or motion, or application for leave to file such a petition or motion, is mistakenly submitted to the district court, **the district court shall refer it to the court of appeals.**

(Emphasis added).

Petitioner's previous habeas challenges were dismissed.  Petitioner first filed a petition for writ of habeas corpus on June 6, 1997, in Case No. C97-5490RJB.  That petition was dismissed without prejudice on March 2, 1998, to allow Petitioner to return to state court to exhaust his state court remedies.  (Dkt. # 17).  Petitioner filed his second petition for writ of habeas corpus on August 8, 1998, in Case No. C98-5456RJB.  That petition was denied as untimely.  (Dkt. # 15).  Clearly then, the instant petition should be treated as a "second or successive" petition and should be transferred.

## **CONCLUSION**

Accordingly, the Court should transfer this habeas corpus petition as a second or successive petition and administratively close the file.  A proposed order accompanies this Report and Recommendation.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 20, 2007**, as noted in the caption.

DATED this 27th day of March, 2007.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2